SCOGGINS *v.* STATE.

Opinion delivered July 4, 1927.

1. FORGERY—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to support a conviction for uttering a forged instrument, where defendant tried to cash a check payable to his order and purporting to have been drawn by his uncle.

2. FORGERY—ADMISSIBILITY OF EVIDENCE.—In a prosecution for uttering a forged instrument, exclusion of testimony of the purported drawer of a check that he had told defendant that he intended to hire a third person from whom defendant claimed he received the check *held* not error, where the defendant admitted the check was not written or signed by the purported drawer.

Appeal from Crawford Circuit Court; *J. O. Kincannon,* Judge; affirmed.

*D. H. Howell,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Crawford County for the crime of uttering a forged instrument, and was adjudged to serve a term of two years in the State Penitentiary as a punishment therefor, from which is this appeal.

The two following assignments of error are insisted upon for a reversal of the judgment: (1) That the evidence is insufficient to sustain the verdict; (2) that the court erred in excluding the testimony of T. R. Scoggins, appellant's uncle, to the effect that he told him, a short

time before the crime is alleged to have been committed, that he intended to hire Tom Darr to work for him.

(1)   The undisputed testimony showed that appellant tried to cash a check payable to his order and purporting to have been issued or drawn by T. R. Scoggins, an uncle of appellant, on the First National Bank of Van Buren, Arkansas, where the uncle had a checking account. Appellant's defense was that he cashed the check for Tom Darr upon representation that he had received it from T. R. Scoggins for labor.

Appellant testified that, several days before he cashed the check, Tom Darr asked him to do so, and he told Darr that, if the check was made payable to him, appellant, he would cash it; that, pursuant to request, he met Tom Darr at the depot and cashed the check, which was for $12.50; that he borrowed money from Carl Johnson with which to cash it.

There is a conflict in the testimony as to whether appellant cashed the check for Tom Darr. Tom Darr testified that he did not get the check from T. R. Scoggins for labor; that he had not worked for him for a long time; that he never requested appellant to cash the check for him, and that appellant did not cash it.

(2)   The evidence is sufficient to sustain the verdict.

T. R. Scoggins was a State witness. On cross-examination the attorney for appellant propounded the following interrogatory to him, to which he made partial response.

"Q.   Had you talked to Homer Scoggins with reference to Tom Darr working for you before that? A. Yes sir. He was at my house about Christmas, and stayed with me two nights, and I told him if he saw Darr"—At this juncture the State's attorney objected to the question and answer, whereupon the attorney for appellant stated that the purpose in offering the testimony was to show that appellant had reason for believing that Darr had a right to have his uncle's check for labor he had done for him. The court excluded the testimony and the

testimony of appellant to the same effect, over the objection and exception of appellant.

We are unable to see any pertinence in the testimony. It is remote in the sense of being indirect. If it be conceded that appellant had been informed that Darr was going to work for T. R. Scoggins at some future time, this would not account for Darr having a forged check in his possession. Appellant admitted that the check was not written or signed by his uncle. This fact should have put him on inquiry before he cashed and uttered the check. The evidence was not relevant, and the court properly excluded it.

No error appearing, the judgment is affirmed.